NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC ALDEN MILLER, *Appellant*.

No. 1 CA-CR 15-0028
FILED 1-5-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-110150-001
The Honorable Brian D. Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

J O H N S E N, Judge:

**¶1**　　　　This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Eric Miller's convictions of four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, each a Class 4 felony.  Miller's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Miller was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Miller's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　While driving in a parking lot, Miller collided with another car.[1]  The owner of the other car testified she noticed an odor of alcohol from Miller and called 911.  Officers discovered Miller at a nearby residence.  After speaking with Miller and conducting a field sobriety test, officers arrested him for driving under the influence of intoxicating liquor ("DUI").  About two hours after the accident, two breathalyzer tests measured Miller's blood alcohol level at .198 and .197.  A criminalist testified that Miller's blood alcohol level would have been at least .200 within two hours of driving.  Miller testified his driver's license was suspended on the day of the accident and that he had two prior DUI convictions.  As noted, the jury convicted Miller of four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, under Arizona Revised Statutes ("A.R.S.")

---

[1]　　　　Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Miller.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

sections 28-1381(A)(1), (A)(2) (2016), -1383(A)(1), (A)(2) (2016).[2]  The court sentenced Miller to four months' incarceration with 88 days of presentence incarceration credit, to be followed by five years' probation.

¶3          Miller timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).

## DISCUSSION

¶4          The record reflects Miller received a fair trial.  He was represented by counsel at all stages of the proceedings against him.  The court allowed counsel to waive Miller's presence at two pretrial hearings, where it granted Miller's motion to continue and instructed Miller's counsel to submit affidavits signed by Miller acknowledging waiver of time and pending court dates.  Miller also failed to appear at an evidentiary hearing on his motion to dismiss.  The court properly found that Miller voluntarily absented himself from that hearing.  Under Arizona Rule of Criminal Procedure 9.1, "a defendant may waive the right to be present at any proceeding by voluntarily absenting himself or herself," and "[t]he court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear."  Ariz. R. Crim. P. 9.1.  Miller was present when the court announced the date for the evidentiary hearing, Miller's counsel informed the court that he had spoken with Miller the day before and had expected Miller at the hearing, and Miller had been informed at two prior status conferences that if he failed to appear, a warrant could be issued and the trial could take place in his absence.

¶5          The court held appropriate pretrial hearings.  It did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Miller's statements to police.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶6          The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members and two alternates.  The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict.  The jury returned a unanimous verdict, which was

---

[2]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crimes of which Miller was convicted.

## CONCLUSION

**¶7** We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

**¶8** After the filing of this decision, defense counsel's obligations pertaining to Miller's representation in this appeal have ended. Defense counsel need do no more than inform Miller of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Miller has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Miller has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama